UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KURT D. GREGORY,

                Plaintiff,                          Case Number 11-15521
                                                  Honorable David M. Lawson

v.

CITIMORTGAGE, INC., CITIBANK, NA,
BANK OF AMERICA, NA, and STRUCTURED
ASSET SECURITIES CORPORATION
MORTGAGE PASS-THROUGH
CERTIFICATES FOR SERIES 2005-1,

                Defendants.
_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

This case involves the foreclosure of a residential mortgage. The defendants claim to hold the mortgage on the plaintiff's home and began foreclosure proceedings when the payments became delinquent. After the sheriff's sale and before the redemption period expired, the plaintiff filed suit in state court alleging breach of contract, fraud, quiet title, wrongful foreclosure, and conversion. The defendants removed the case to this Court on the basis of diversity and filed a motion to dismiss. The Court heard oral argument on the motion on September 5, 2012. The plaintiff's complaint hinges on his argument that the defendants' securitization of the note left the defendant without the statutory authority to foreclose or the authority to collect mortgage payments from the plaintiff. After due consideration, the Court finds that, except for the breach of contract count, the complaint fails to state claims for which relief can be granted. Therefore, the Court will grant in part and deny in part the motion to dismiss.

I.

The following facts are taken from the plaintiff's complaint.  The plaintiff resides on Lapeer Road in Lake Orion, Michigan.  On November 19, 2004 the plaintiff signed an installment promissory note and mortgage with defendant ABN AMRO in the amount of $124,000.  The mortgage was recorded with the Oakland County Register of Deeds.  At some point in 2005, the note was transferred into the defendant trust.  ABN AMRO, by Citimortgage, its successor in interest through a merger, assigned the mortgage to defendant LaSalle on September 17, 2007; the assignment was recorded on October 16, 2007.  The assignment states that ABN/Citimortgage is the holder of the note and assigned the note along with the mortgage.  Sometime later, Bank of America acquired LaSalle by merger.  In early 2011, the plaintiff fell behind on his mortgage payments and defendant Bank of America commenced foreclosure by advertisement.  The subject property was sold at a foreclosure sale on May 17, 2011 and was purchased by Bank of America.

The plaintiff filed his complaint in state court on November 14, 2011.  The complaint contains claims for breach of contract, fraud in the assignment, fraud in the foreclosure notices, quiet title, wrongful foreclosure, and conversion, as well as a count entitled "defendants are not the true parties in interest."  The plaintiff's complaint alleges that the mortgage provides that it can only be transferred along with the note, and that therefore defendant ABN AMRO had a duty to keep the mortgage together with the note.  The plaintiff alleges that the defendant breached this duty by assigning the note to a securitized trust and by assigning the mortgage without the note.  The complaint alleges that defendants ABN and Citimortgage misrepresented their ownership of the note and did not have the authority to foreclose on the subject property.  The complaint also alleges that the note was somehow paid off when it entered the trust and therefore the mortgage no longer acts

as security for any debt.  The defendants removed the complaint to this court on December 16, 2011 and filed a motion to dismiss on January 27, 2012.

## II.

"The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief if all the facts and allegations in the complaint are taken as true." *Rippy ex rel. Rippy v. Hattaway*, 270 F.3d 416, 419 (6th Cir. 2001) (citing *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993)).  Under Rule 12(b)(6), the complaint is viewed in the light most favorable to plaintiffs, the allegations in the complaint are accepted as true, and all reasonable inferences are drawn in favor of plaintiffs.  *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).  "[A] judge may not grant a Rule 12(b)(6) motion based on a disbelief of a complaint's factual allegations."  *Saglioccolo v. Eagle Ins. Co.*, 112 F.3d 226, 228-29 (6th Cir. 1997) (quoting *Columbia Nat'l Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).  "However, while liberal, this standard of review does require more than the bare assertion of legal conclusions."  *Tatum*, 58 F.3d at 1109; *Tackett v. M & G Polymers, USA, L.L.C.*, 561 F.3d 478, 488 (6th Cir. 2009).

> To survive a motion to dismiss, [a plaintiff] must plead "enough factual matter" that, when taken as true, "state[s] a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007).  Plausibility requires showing more than the 'sheer possibility' of relief but less than a 'probab[le]' entitlement to relief.  *Ashcroft v. Iqbal*, [556 U.S. 662, 678] (2009).

*Fabian v. Fulmer Helmets, Inc.*, 628 F.3d 278, 280 (6th Cir. 2010).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

-3-

Under the new regime ushered in by *Twombly* and *Iqbal*, pleaded facts must be accepted by the reviewing court but conclusions may not be unless they are plausibly supported by the pleaded facts.  "[B]are assertions," such as those that "amount to nothing more than a 'formulaic recitation of the elements'" of a claim, can provide context to the factual allegations, but are insufficient to state a claim for relief and must be disregarded.  *Iqbal*, 556 U.S. at 681 (quoting *Twombly*, 550 U.S. at 555).  However, as long as a court can "'draw the reasonable inference that the defendant is liable for the misconduct alleged,' a plaintiff's claims must survive a motion to dismiss."  *Fabian*, 628 F.3d at 281 (quoting *Iqbal*, 556 U.S. at 678).

Consideration of a motion to dismiss under Rule 12(b)(6) is confined to the pleadings.  *Jones v. City of Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008).  Assessment of the facial sufficiency of the complaint ordinarily must be undertaken without resort to matters outside the pleadings.  *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010).  However, "documents attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss."  *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007) (citing Fed. R. Civ. P. 10(c)); *see also Koubriti v. Convertino*, 593 F.3d 459, 463 n.1 (6th Cir. 2010).  Even if a document is not attached to a complaint or answer, "when a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment."  *Commercial Money Ctr.*, 508 F.3d at 335-36.  Further, where the plaintiff does not refer directly to given documents in the pleadings, if those documents govern the plaintiff's rights and are necessarily incorporated by reference then the motion need not be converted to one for summary judgment.  *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997) (holding that plan documents could be incorporated without converting the motion to one for summary

judgment even though the complaint referred only to the "plan" and not the accompanying documents). In addition, "[a] court may consider matters of public record in deciding a motion to dismiss without converting the motion to one for summary judgment." *Commercial Money Ctr., Inc.*, 508 F.3d at 336.

The defendants attached the note, the mortgage, the mortgage assignment, and the certificates of merger to its motion to dismiss. The plaintiff attaches all of these documents, with the exception of the certificates of merger, to his complaint. The certificates of merger are matters of public record. The Court, therefore, considers the documents that the defendants attached to their motion to dismiss when deciding the motion. The plaintiff attached the note, the mortgage, the warranty deed, the assignment of mortgage, the foreclosure notices, the sheriff's deed, and an affidavit from Gregory Till of Xtreme Legal Research, LLC, to his response. With the exception of the affidavit, each of those documents is referred to in the plaintiff's complaint and may be considered in deciding the defendants' motion to dismiss. However, because the affidavit is neither referenced to in the pleadings nor integral to the plaintiff's claims, the Court will not consider this affidavit in deciding the defendants' motion to dismiss.

## A.

The defendants begin their attack on the plaintiff's complaint with a challenge to the plaintiff's standing to bring the suit. They argue that the plaintiff lost the right to sue when the redemption period following the sheriff's sale expired. That argument has no merit.

Standing is required in order to confer subject matter jurisdiction upon federal courts under Article III of the Constitution. It is "the threshold question in every federal case." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). The Supreme Court has stated that the standing requirement "limits

federal court jurisdiction to actual controversies so that the judicial process is not transformed into 'a vehicle for the vindication of the value interests of concerned bystanders.'" *Coal Operators & Assocs., Inc. v. Babbitt*, 291 F.3d 912, 915-16 (6th Cir. 2002) (quoting *Valley Forge Christian College v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 473 (1982)).   There are three constitutional requirements for standing.  *See Vermont Agency of Natural Res. v. United States ex rel. Stevens*, 529 U.S. 765, 771 (2000); *City of Cleveland v. Ohio*, 508 F.3d 827, 835 (6th Cir. 2007).  "To establish Article III standing, a litigant must show (1) an injury in fact; (2) a causal connection between the injury and the conduct complained of; and (3) that the injury will likely be redressed by a favorable decision."  *Barnes v. City of Cincinnati*, 401 F.3d 729, 739 (6th Cir. 2005) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).

In addition to the constitutional requirements, a plaintiff must also satisfy three prudential standing requirements.  *See City of Cleveland*, 508 F.3d at 835.  First, a plaintiff must "assert his own legal rights and interests, and cannot rest his claim for relief on the legal rights or interests of third parties."  *Warth*, 422 U.S. at 499 (citations omitted).  Second, a plaintiff's claim must be more than a "generalized grievance" that is pervasively shared by a large class of citizens.  *Coal Operators*, 291 F.3d at 916 (citing *Valley Forge*, 454 U.S. at 474-75).  Third, in statutory cases, the plaintiff's claim must fall within the "zone of interests" regulated by the statute in question.  *Ibid.* "These additional restrictions enforce the principle that, 'as a prudential matter, the plaintiff must be a proper proponent, and the action a proper vehicle, to vindicate the rights asserted.'" *Ibid.* (quoting *Pestrak v. Ohio Elections Comm'n*, 926 F.2d 573, 576 (6th Cir. 1991)).

The defendants, relying on *Overton v. Mortgage Electronic Registration Systems*, No. 284950, 2009 WL 1507342 (Mich. Ct. App. May 28, 2009), argue that the plaintiff does not have

-6-

standing because they no longer retain a legal interest in the property because the redemption period has expired.  There is no merit to that argument.  First, the defendants' argument relies on an incorrect notion of standing.  District Judge Robert Jonker, in *Langley v. Chase Home Finance LLC*, No. 10-604, 2011 WL 1130926, at *2 n.2 (W.D. Mich. Mar. 28, 2011), aptly explained the defendants' mistake:

> Many Defendants suggest the basis for the ruling in *Overton* is a lack of Plaintiff's standing once the redemption period expires, but the Court of Appeals does not actually say this.  Nor would it seem like Article III standing could possibly be in doubt.  After all, the Plaintiffs in such cases are the last lawful owner and possessor of the property.  Moreover, they often remain in continuing possession of the property notwithstanding any Sheriff's sale and expiration of a redemption period. Moreover, Plaintiffs in such cases claim a continuing right to lawful ownership and possession based on defects in the process used by Defendants to divest them of those rights.  This certainly seems to satisfy the basic Article III requirement of "injury in fact," as well as any prudential considerations tied to a "zone of interests" analysis.  Indeed, it is hard to imagine a person with a better claim to standing to challenge the process at issue.  Of course, having standing to bring a claim does not mean you have a valid claim on the merits.  That is a different question.  *Overton* is best viewed as a merits decision, not a standing case.

*Langley*, 2011 WL 1130926, at *2 n.2.

Second, "[t]he [Michigan] Supreme Court has long held that the mortgagor may hold over after foreclosure by advertisement and test the validity of the sale in the summary proceeding." *Manufacturers Hanover Mortgage Corp. v. Snell*, 142 Mich. App. 548, 553, 370 N.W.2d 401, 404 (1985) (citing *Reid v. Rylander*, 270 Mich. 263, 267, 258 N.W. 630 (1935); *Gage v. Sanborn*, 106 Mich. 269, 279, 64 N.W. 32 (1895)).  "Otherwise, the typical mortgagor who faces an invalid foreclosure would be without remedy, being without the financial means to pursue the alternate course of filing an independent action to restrain or set aside the sale." *Ibid.* (citing *Reid*, 270 Mich. at 267, 258 N.W. 630; 16 Michigan Law and Practice, Mortgages, § 174, pp. 438-39).

The defendants' standing argument is rejected. The plaintiff alleges continuing ownership of the property, Compl. ¶¶ 62, 63, and satisfies the constitutional and prudential standing requirements.

### B.

Next the defendants contend that the plaintiff has not stated a cognizable claim for relief because conveyance of the note to a trust did not affect the validity of the mortgage, and there is no legal impediment to or obligation to refrain from separating the note and the mortgage when one or the other is assigned. The Court reads the plaintiff's claim as an attempt to advance two theories that challenge Bank of America's authority to foreclose.

### 1.

First, the plaintiff argues that the Court must set aside the foreclosure because the mortgage transfers that were effectuated by merger were not recorded and therefore a record chain of title did not exist at the time of the foreclosure. The plaintiff's complaint alleges the plaintiff signed a promissory note with ABN AMRO, and CitiMortgage acquired ABN AMRO by merger, including ABN AMRO's interest in the subject property. CitiMortgage assigned the mortgage to LaSalle by an assignment of mortgage dated September 17, 2007 and recorded on October 18, 2007. Then Bank of America acquired LaSalle by merger, including LaSalle's interest in the subject property. The plaintiff argues that the "assignments" from ABN AMRO to Citimortgage and from LaSalle to Bank of America were unrecorded, and therefore Bank of America did not have statutory authority to foreclose because there was no record chain of title. The defendants argue that transfers resulting from a merger do not constitute assignments that must be recorded in order to preserve the record chain of title. The plaintiff's complaint does not challenge the assignment on that basis; the alleged

defect in the record chain of title was raised for the first time in the plaintiff's response to the defendants' motion to dismiss.

Foreclosure sales by advertisement are governed by statute. *Senters v. Ottawa Sav. Bank, FSB*, 443 Mich. 45, 50, 503 N.W.2d 639, 641 (1993). "Once the mortgagee elects to foreclose a mortgage by this method, the statute governs the prerequisites of the sale, notice of foreclosure and publication, mechanisms of the sale, and redemption." *Ibid.* (citing Mich. Comp. Laws § 600.3201). Section 600.3204 provides that a party may foreclose a mortgage by advertisement if all of the following circumstances exist:

> (a) A default in a condition of the mortgage has occurred, by which the power to sell became operative.
> (b) An action or proceeding has not been instituted, at law, to recover the debt secured by the mortgage or any part of the mortgage; or, if an action or proceeding has been instituted, the action or proceeding has been discontinued; or an execution on a judgment rendered in an action or proceeding has been returned unsatisfied, in whole or in part.
> (c) The mortgage containing the power of sale has been properly recorded.
> (d) The party foreclosing the mortgage is either the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage.

Mich. Comp. Laws § 600.3204(1). "If the party foreclosing a mortgage by advertisement is not the original mortgagee, a record chain of title shall exist prior to the date of sale under section 3216 evidencing the assignment of the mortgage to the party foreclosing the mortgage." Mich. Comp. Laws § 600.3204(3).

Michigan courts have differentiated between a foreclosing entity's failure to satisfy section 600.3204's requirements and a failure to abide by the notice requirements set forth in sections 600.3208 and 600.3212. *See Rainey v. U.S. Bank Nat. Ass'n*, No. 11-12520, 2011 WL 5075700, at *6 (E.D. Mich. Oct. 25, 2011). A failure to satisfy section 600.3204's demands constitutes "a

structural defect that goes to the very heart of defendant's ability to foreclose by advertisement in the first instance" and renders the foreclosure proceedings void *ab initio*, while "a defect in fulfilling the statutory notice requirements attendant to a foreclosure by advertisement renders the resulting sale voidable rather than absolutely void." *Davenport v. HSBC Bank USA*, 275 Mich. App. 344, 347, 739 N.W.2d 383, 384 (2007).

The plaintiff cites the Michigan Court of Appeals' decision in *Kim v. JPMorgan Chase Bank, NA*, 295 Mich. App. 200, 813 N.W.2d 778 (2012), in support of his argument that a record chain of title did not exist on the date of the foreclosure sale. In *Kim*, the defendant purchased the plaintiff's loan from the FDIC after the FDIC acquired it by operation of law. *Kim*, 295 Mich. App. at 207, 813 N.W.2d at 782. The court held that the defendant was required to record its mortgage interest prior to the sheriff's sale. *Kim*, 295 Mich. App. at 208, 813 N.W.2d at 783. The court also stated that Michigan Compiled Laws § 600.3204(3) "makes no exception for mortgage interests acquired 'by operation of law'"; however, that statement appears to be *dictum*, as the court went on to state in the next paragraph that "it does not appear that defendant acquired its interest by operation of law." *Kim*, 295 Mich. App. at 205-06, 813 N.W.2d at 781-82.

Few cases have interpreted *Kim*'s effect on the transfer of mortgages through merger. However, courts considering the matter after *Kim* have found that where a mortgage is transferred through merger, there is no need to record the assignment in order for the surviving entity to have authority to foreclose, because the surviving entity has "stepped into the shoes" of the entity that held the mortgage before the merger. *See Sesi v. Federal Home Loan Mortg. Corp.*, No. 12-10608, 2012 WL 628858, at *6 (E.D. Mich. Feb. 27, 2012) ("Mich. Comp. Laws § 600.3204(3) applies to 'assignments.' . . . Because CitiMortgage stepped into the shoes of ABN AMRO without necessity

-10-

of assignment, no recording of the mortgage interest was required and CitiMortgage had the right to initiate foreclosure under Mich. Comp. Laws § 600.3204."); *Meyer v. CitiMortgage, Inc.*, No. 11-13423, 2012 WL 511995, at *2 (E.D. Mich. Feb. 16, 2012). Further, the Michigan Court of Appeals has addressed directly the issue of whether a surviving entity after a merger is required to record an assignment of mortgage in order to have statutory authority to foreclose. In *Winiemko v. GE Capital Mortg. Service, Inc.*, No. 177827, 1997 WL 33354482 (Mich. App. Jan. 17, 1997), the court stated that a surviving entity after a merger "was not the assignee of plaintiff's mortgage. . . . Accordingly, there was no assignment of plaintiff's mortgage" and the surviving entity did not violate section 600.3204(3) by foreclosing without recording an assignment. *Id*. at *2. The plaintiff does not dispute (indeed, he alleges in his complaint) that CitiMortgage was the successor to ABN AMRO, that CitiMortgage assigned the note to LaSalle and recorded that assignment, and that Bank of America was the successor to LaSalle. Taking those allegations in the complaint as true, the plaintiff's argument that defendant Bank of America lacked the statutory authority to foreclose under Mich. Comp. Laws § 600.3204(3) fails.

The plaintiff's complaint also contains an allegation that Bank of America did not have authority to foreclose under Michigan Compiled Laws § 600.3204(1)(d) because it did not have an interest in the indebtedness at the time of the foreclosure. The plaintiff's complaint cites the Michigan Court of Appeals' decision in *Residential Funding Co. v. Saurman*, which held that MERS could not foreclose by advertisement because it did not hold the mortgage note itself. *Residential Funding Co., LLC v. Saurman*, 292 Mich. App. 321, 807 N.W.2d 412 (2011). The plaintiff's complaint and arguments relying on that decision must fail, as that case was reversed by the

Michigan Supreme Court.  *See Residential Funding Co., L.L.C. v. Saurman*, 490 Mich. 909, 805 N.W.2d 183 (2011).

2.

Second, the plaintiff makes a series of arguments that boil down to the contention that because the note is held by the defendant trust and the mortgage is held by defendant Bank of America, the foreclosure by defendant Bank of America was improper in some way.  The plaintiff's complaint states that the defendant trust paid off the original note, and therefore the mortgage no longer securitizes any debt.  The complaint states that because the defendant trust can no longer acquire any assets, the trust cannot take possession of the mortgage and the debt and security instruments are separated.  The plaintiff argues that this securitization process created a separate, "fictional note": the real note is held by the trust, while the fictional note is held by Bank of America.  The plaintiff contends that he could be liable on both.  The plaintiff also points to the assignment of mortgage, which states that both the mortgage and note must be assigned together; the plaintiff contends that defendant ABN AMRO could not have assigned the note because it was held by a trust. The plaintiff argues that the securitization process also gave rise to fraud, as the defendants misrepresented their status as the note holder and mortgage holder.  Connected with that argument is the plaintiff's assertion that the assignment of the mortgage without the note was a breach of paragraph twenty of the mortgage.

Attempts to base claims on the securitization of a mortgage and the alleged separation of the mortgage and note have not been well received by courts around the country.  *See Leone v. Citigroup*, No. 12-10597, 2012 WL 1564698, at *3-4 (E.D. Mich. May 2, 2012) (collecting cases); *Mitchell v. Mortgage Electronic Registration Systems, Inc.*, No. 1:11-cv-425, 2012 WL 1094671,

-12-

at *2-3 (W.D. Mich. Mar. 30, 2012); *Bhatti v. Guild Mortg. Co.*, No. C11-0480JLR, 2011 WL 6300229, at *5 (W.D. Wash. Dec. 16, 2011) ("Securitization merely creates a separate contract, distinct from the Plaintiffs' debt obligations under the Note, and does not change the relationship of the parties in any way.").  Courts in this district have found such arguments singularly unpersuasive in light of the *Saurman* decision.  *See Nelson v. BAC Home Loans Servicing, L.L.P.*, No. 11-14433, 2012 WL 2064383, at *4 (E.D. Mich. June 7, 2012); *Marrocco v. Chase Bank, N.A.*, No. 12-10605, 2012 WL 3061031, at *3 (E.D. Mich. July 26, 2012); *Kiefer v. ABN AMRO*, No. 12-10051, 2012 WL 3600351, at *4 (E.D. Mich. June 12, 2012).

In *Saurman*, the Michigan Supreme Court held that an entity that held the mortgage but not the note could foreclose under Michigan's foreclosure-by-advertisement statute.  *Residential Funding Co., L.L.C.*, 490 Mich. at 910, 805 N.W.2d at 184.  In so holding, the court observed that "[i]t has never been necessary that the mortgage should be given directly to the beneficiaries.  The security is always made in trust to secure obligations, and the trust and the beneficial interest need not been in the same hands.  The choice of a mortgagee is a matter of convenience."  *Ibid.* (internal quotation and alteration omitted).

If an entity that holds the mortgage but not the loan may foreclose, an obvious corollary is that the separation of the mortgage and the note does not invalidate either, nor does it imply the creation of some sort of "fictional note" that remains with the holder of the mortgage.  The plaintiff's citation of *Prime Financial Services LLC v. Vinton*, 279 Mich. App. 245, 761 N.W.2d 694 (2008), does not compel a different result.  To the extent that decision conflicts with *Saurman* by suggesting that a mortgage and note cannot be separated, the Michigan Supreme Court's decision must control.  Nor did *Prime Financial Services* address foreclosure and the parties with authority

to foreclose under the statute. *See Dersch v. BAC Home Loan Servicing LP*, No. 1:11-CV-267, 2011 WL 3100561, at *10 (W.D. Mich. July 25, 2011).

Following this reasoning, nearly all of the plaintiff's claims must fail, as explained below.

C.

In counts II and III of the complaint, the plaintiff alleges fraud in the assignments and fraud in the foreclosure notices. In federal court, when alleging fraud, a party must state with particularity the circumstances constituting the fraud. Fed. R. Civ. P. 9(b); *see also Bennett v. MIS Corp.*, 607 F.3d 1076, 1100 (6th Cir. 2010). The complaint must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Indiana State Dist. Council of Laborers and Hod Carriers Pension and Welfare Fund v. Omnicare, Inc.*, 583 F.3d 935, 942-43 (6th Cir. 2009) (internal quotations and citation omitted). In addition, a party must "allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of [the other party]; and the injury resulting from the fraud." *Coffey v. Foamex L.P.*, 2 F.3d 157, 161-62 (6th Cir. 1993) (internal quotations and citations omitted). "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Where there are multiple defendants, a claim must identify which of the defendants made the alleged misrepresentations. *Hoover v. Langston Equip. Assocs., Inc.*, 958 F.2d 742, 745 (6th Cir. 1992).

The elements of fraud in Michigan are:

> (1) That defendant made a material representation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth, and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury.

-14-

*Hi-Way Motor Co. v. International Harvester Co.*, 398 Mich. 330, 336, 247 N.W.2d 813, 816 (1976); *Higgins v. Lawrence*, 107 Mich. App. 178, 184, 309 N.W.2d 194, 197 (1981).  When a contract governs the relationship between the parties, the plaintiff must allege a "violation of a legal duty separate and distinct from the contractual obligation" to support a fraud claim.  *Rinaldo's Const. Corp. v. Michigan Bell Tel. Co.*, 454 Mich. 65, 84, 559 N.W.2d 647, 658 (1997) (citing *Hart v. Ludwig*, 347 Mich. 559, 560, 79 N.W.2d 895, 897 (1956)).  In *Hart*, for example, the court held that the plaintiff could not bring a tort claim because the defendant had only violated a future promise to perform under a contract.  *Hart*, 347 Mich. at 565, 79 N.W.2d at 898-99.

In count II, the plaintiff alleges that defendant CitiMortgage made a false material representation that it was the holder of the note at the time of the assignment of mortgage, when in fact the note had been assigned to a trust.  In count III, the plaintiff alleges that defendants ABN and Bank of America made false material representations in stating that they were the proper parties to foreclose.  The plaintiff's fraud claims in count III are based on the argument that those statements were both material and false because "an interest in the note is required for a party to foreclose on a property."  Compl. ¶ 36.  The statement by defendant Bank of America that it was the proper party to foreclose was not a false statement, because, as discussed above, Bank of America held the mortgage, which is sufficient to confer statutory authority to foreclose under Michigan law.  Because the representation alleged in count III was not false, that count does not state a claim for relief.

The defendant also argues that count II must be dismissed because the parties' relationship is governed by contract, and the plaintiff did not allege a legal duty apart from the contract's obligation.  The plaintiff did not respond to that argument.  The Court, therefore, considers that claim abandoned.  *See Hopkins v. Saint Lucie Cnty. School Bd.*, 399 F. App'x 563, 565 n.1 (11th Cir.

2010) ("[The plaintiff's] argument that he should have been granted leave to amend his complaint was abandoned when he failed to raise it in opposing the defendants' motion to dismiss or in responding to the magistrate judge's recommendation of dismissal."); *Lipton v. County of Orange, New York*, 315 F. Supp. 2d 434, 446 (S.D. N.Y. 2004) ("This Court may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed."); *Mekani v. Homecomings Fin., LLC*, 752 F. Supp. 2d 785, 790 n.2 (E.D. Mich. 2010) (stating that where a plaintiff fails to respond to a motion to dismiss a claim, "the Court assumes he concedes this point and abandons the claim").

Moreover, the defendants' duty not to misrepresent the ownership of the note would not exist in the absence of the contract between the parties. *See QQC, Inc. v. Hewlett-Packard Co.*, 258 F. Supp. 2d 718, 722 (E.D. Mich. 2003). The alleged misrepresentation arises directly from the alleged contractual obligation not to separate the mortgage and the note that the plaintiff in count I argues was breached; the damages on these two counts are the same.

Neither count II nor count III states a claim for which relief may be granted.

### D.

In count V of the complaint, the plaintiff alleges that he is entitled to have title to his home quieted in himself. In Michigan a quiet title action is a statutory cause of action. Michigan Compiled Laws § 600.2932(1) states that "[a]ny person, whether he is in possession of the land in question or not, who claims any right in, title to, equitable title to, interest in, or right to possession of land, may bring an action in the circuit courts against any other person who claims or might claim any interest inconsistent with the interest claimed by the plaintiff." That statute "codifie[s] actions to quiet title and authorize[s] suits to determine competing parties' respective interests in land."

-16-

*Republic Bank v. Modular One LLC*,  232 Mich. App. 444, 448, 591 N.W.2d 335, 337 (1998),
*overruled on other grounds by Stokes v. Millen Roofing Co.*, 466 Mich. 660, 649 N.W.2d 371
(2002).  A party seeking to establish clear title has the burden of proof in a quiet title action and
must make out a *prima facie* case that they have title to the disputed land.  *Beulah Hoagland
Appleton Qualified Pers. Residence Trust v. Emmet Cnty. Rd. Comm'n*, 236 Mich. App. 546, 550,
600 N.W.2d 698, 700 (1999) (citing *Stinebaugh v. Bristol*, 132 Mich. App. 311, 316, 347 N.W.2d
219 (1984)).  If the plaintiff establishes a *prima facie* case, the burden of proof shifts to the
contestant to establish superior right or title to the property.  *Beulah,* 236 Mich. App. at 550, 600
N.W.2d at 700 (citing *Boekeloo v. Kuschinski*, 117 Mich. App. 619, 629, 324 N.W.2d 104 (1982)).
An action to quiet title is equitable in nature.  *Ibid*. If a defendant fails in its proof and "the plaintiff
established his title to the lands, the defendant shall be ordered to release to the plaintiff all claims
thereto."  Mich. Comp. Laws § 600.2932(3).

Under Michigan law, a former owner's right, title, and interest in property are extinguished
upon the expiration of the redemption period.  *Piotrowski v. State Land Office Bd*., 302 Mich. 179,
187, 4 N.W.2d 514, 517 (1942).  In order to set aside a foreclosure sale, a plaintiff must establish
some "fraud, accident, or mistake."  *Freeman v. Wozniak*, 241 Mich. App. 633, 637, 617 N.W.2d
46, 49 (2000); *Smith v. Bank of America Corp.*, No. 10-14161, 2011 WL 653642, at *5 (E.D. Mich.
Feb. 14, 2011) (citing *Ellison v. Wells Fargo Home Mortg., Inc.*, No. 09-14175, 2010 WL 3998091,
at *4 (E.D. Mich. Oct. 12, 2010)).  "Moreover, the fraud, accident, or mistake must relate to the
foreclosure proceeding itself."  *Stein v. U.S. Bancorp*, No.10-14026, 2011 WL 740537, at *6 (E.D.
Mich. Feb. 24, 2011).  The plaintiff has not made any allegations that would support a finding of
fraud, accident, or mistake in the foreclosure process.  The plaintiff has not raised any allegations

-17-

that would suggest that defendant Bank of America lacked the authority to foreclose, other than those allegations the Court already rejected.  Nor has the plaintiff alleged any other irregularity in the foreclosure process itself.  Count IV of the complaint will be dismissed.

E.

The plaintiff alleges in count V that defendant Bank of America wrongfully foreclosed on his home.  However, as discussed above, Bank of America had authority to foreclose under Michigan Compiled Laws §§ 600.3204(1)(d) and (3)  as the record holder of the mortgage.  The plaintiff has not  set forth any other allegations that would render the foreclosure wrongful under Michigan law.  Count V of the complaint will be dismissed as well.

F.

In count VI of the complaint, the plaintiff alleges that the defendants converted his money because they had no right to collect the installment note payments.  He has brought his claim for conversion under Mich. Comp. Laws § 440.3420(1).  That statute states that:

> The law applicable to conversion of personal property applies to instruments. An instrument is also converted if it is taken by transfer, other than a negotiation, from a person not entitled to enforce the instrument or a bank makes or obtains payment with respect to the instrument for a person not entitled to enforce the instrument or receive payment. An action for conversion of an instrument may not be brought by (*i*) the issuer or acceptor of the instrument or (*ii*) a payee or endorsee who did not receive delivery of the instrument either directly or through delivery to an agent or a co-payee.

Mich. Comp. Laws § 440.3420(1).  The plaintiff clearly was the issuer of the note, and therefore his claim is barred under the statute.  However, the plaintiff argues that although he was the issuer of the note, he was not the issuer of the "fictional note" that was created when the actual note was transferred into the trust.  The plaintiff argues that the defendants' "creation of a second Note not authorized by Plaintiff amounts to a taking from Plaintiff's personal property."  Pl.'s Resp. at 15.

-18-

That argument apparently stems from his overarching argument that the securitization of his note somehow erased his debt or changed the relationship between the plaintiff and the obligor. That theory has been rejected by courts around the country, as discussed above, and by this Court as well. The plaintiff has presented no case law in his response suggesting a viable theory for a conversion claim under Michigan law. The Court will grant the defendant's motion on count VI of the plaintiff's complaint.

G.

Count VII of the complaint is entitled "Defendants Are Not the True Parties in Interest." There is no such claim known to Michigan law. The allegations in this section of the complaint reprise the plaintiff's argument that the defendants did not have the authority to foreclose. But as discussed above, they did. The plaintiff does not respond to this portion of the defendants' argument and the Court may treat this count as abandoned. The Court will grant the defendants' motion to dismiss on count VII of the plaintiff's complaint.

H.

Finally, in count I of the complaint, the plaintiff alleges that the defendants breached the mortgage agreement by violating paragraph 20, which, he says, creates an obligation to assign the mortgage together with the note. The plaintiff asserts that the breach occurred when the note was passed to the trust and the mortgage was assigned without the note. The defendant argues that the assignment in this case states that it transfers "the Mortgage together with the note" and that therefore there are no plausible allegations of breach to support the plaintiff's claim. The defendant also argues that there is no allegation in the complaint that the plaintiff suffered damages as a result

-19-

of the split between the mortgage and the note or that he was receiving demands for payment from multiple lenders.

Paragraph 20 of the mortgage states, in relevant part: "The Note or a partial interest in the Note (*together with this Security Instrument*) can be sold one or more times without prior notice to the Borrower." Compl. Ex. 1 at 6 (emphasis added).

When construing a contract or one of its provisions, the intentions of the parties govern. *First Nat. Bank of Ypsilanti v. Redford Chevrolet Co.*, 270 Mich. 116, 121, 258 N.W. 221, 223 (1935). To ascertain the parties' intentions, the Court looks first to the language in the written agreement. *Haywood v. Fowler*, 190 Mich. App. 253, 258, 475 N.W.2d 458, 461 (1991) ("Where the language of a contract is clear and unambiguous, the intent of the parties will be ascertained according to its plain sense and meaning."); *see also Wilkie v. Auto-Owners Ins. Co.*, 469 Mich. 41, 61, 664 N.W.2d 776, 787 (2003) ("Well-settled principles of contract interpretation require one to first look to a contract's plain language. If the plain language is clear, there can be only one reasonable interpretation of its meaning and, therefore, only one meaning the parties could reasonabl[y] expect to apply. If the language is ambiguous, longstanding principles of contract law require that the ambiguous provision be construed against the drafter." (citation omitted)). "Contractual language is construed according to its plain and ordinary meaning, and technical or constrained constructions are to be avoided." *Dillon v. DeNooyer Chevrolet Geo*, 217 Mich. App. 163, 166, 550 N.W.2d 846, 848 (1996). The Court should "give effect to every word, phrase, and clause in a contract and avoid an interpretation that would render any part of the contract surplusage or nugatory." *Klapp v. United Ins. Grp. Agency, Inc.* 468 Mich. 459, 468, 663 N.W.2d 447, 453 (2003). "'Where the language of the writing is not ambiguous the construction is a question of law

for the court on a consideration of the entire instrument.'" *In re Landwehr's Estate*, 286 Mich. 698, 702, 282 N.W. 873, 874 (1938) (quoting *Griffin Mfg. Co. v. Mitshkun*, 233 Mich. 640, 642, 207 N.W. 814, 814 (1926)).

A contract is unambiguous if it "fairly admits of but one interpretation." *Allstate Ins. Co. v. Goldwater*, 163 Mich. App. 646, 648, 415 N.W.2d 2, 4 (1987). Disagreement among the parties as to the meaning of a contract term does not necessarily create ambiguity as a matter of law. *Steinmetz Elec. Contractors Ass'n v. Local Union No. 58 Int'l Bhd. of Elec. Workers, AFL-CIO*, 517 F. Supp. 428, 432 (E.D. Mich. 1981). However, if "the contract language is unclear or susceptible to multiple meanings, interpretation becomes a question of fact." *Port Huron Educ. Ass'n MEA/NEA v. Port Huron Area Sch. Dist.*, 452 Mich. 309, 323, 550 N.W.2d 228, 237 (1996); *see also Klapp*, 468 Mich. at 469, 663 N.W.2d at 453-54. Where the terms of a contract are ambiguous, the Court must look to extrinsic facts along with the terms of the agreement to determine the parties' intentions. *Klapp*, 468 Mich. at 469, 663 N.W.2d at 454. Ambiguous contracts generally present questions of fact for trial. *Klapp*, 468 Mich. at 469, 663 N.W.2d at 453-54.

Other courts in this district have not thought much of this argument. *See Nelson v. BAC Home Loans Servicing, L.L.P.*, No. 11-14433, 2012 WL 2064383, at *4 (E.D. Mich. June 7, 2012); *Fortson v. Federal Home Loan Mortg. Corp.*, No. 12-10043, 2012 WL 1183692, at *5 (E.D. Mich. Apr. 9, 2012); *Cable v. Mortgage Electronic Registration Systems, Inc.*, No. 11-14877, 2012 WL 2374236, at *5 (E.D. Mich. June 22, 2012). However, this Court believes that the contract language cited by the plaintiff is ambiguous because it fairly admits of more than one interpretation. The language can be read to suggest that the note can only be sold without prior notice only when it is transferred "together" with the mortgage. The defendants' transfer of the note into the trust without

-21-

the mortgage and without notifying the plaintiff would violate that provision of the contract as so read.  Further, the plaintiff has alleged damages in the form of economic loss because he has been making his mortgage payments to the wrong entity and presumably cannot recover them.  Whether he can prove that allegation may be another matter.  But the Court cannot grant a motion to dismiss based on a disbelief of the plaintiff's factual allegations.  Therefore, the Court concludes that the plaintiff has stated a claim for which relief could be granted in count I of the complaint.

III.

The Court finds that the plaintiff has not stated a claim for which relief can be granted in any count of the complaint, save count I.  Therefore, the Court will grant the defendant's motion as to all the counts of the complaint except that one.

Accordingly, it is **ORDERED** that the defendants' motion to dismiss [dkt. #9] is **GRANTED IN PART AND DENIED IN PART.**

It is further **ORDERED** that counts II through VII are **DISMISSED WITH PREJUDICE**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   September 11, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 11, 2012.

s/Deborah R. Tofil
DEBORAH R. TOFIL